UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYANN GUTIERREZ , <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 1:21-cv-00401-JLT-HBK <br><br> FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND AFFIRM THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND GRANT CROSS-MOTION FOR SUMMARY JUDGMENT [1] <br><br> (Doc. Nos. 25, 26) <br><br> FOURTEEN-DAY OBJECTION DEADLINE |

Maryann Gutierrez ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income and disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the undersigned on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 25-26). For the reasons stated, the undersigned RECOMMENDS denying Plaintiff's motion for summary judgment and affirming the Commissioner's decision and grant the Commissioner's cross-motion for summary judgment.

**I.   JURISDICTION**

Plaintiff protectively filed for supplemental security income and disability insurance

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(15) (E.D. Cal. 2022).

benefits on September 20, 2018, alleging an onset date of January 21, 2017. (AR 276-89). Benefits were denied initially (AR 174-78) and upon reconsideration (AR 183-88). Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on May 18, 2020. (AR 49-77). Plaintiff testified at the hearing and was represented by counsel. (*Id*.). The ALJ denied benefits (AR 14-40) and the Appeals Council denied review (AR 5-10). The matter is before the Court under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## II.  BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 46 years old at the time of the hearing. (*See* AR 276). She graduated from high school and completed business administration programs after college. (AR 56, 349). Plaintiff lives with her twenty-seven year old daughter. (AR 52). She has work history as an in-home caregiver, food worker, and childcare provider. (AR 57-62, 74-75, 349). Plaintiff testified that she stopped working as a childcare provider because her eyesight worsened and because she couldn't stand for a long period of time because of neuropathy in her feet. (AR 56, 60-61). She reported that she has diabetes that is not controlled, sores on her feet, dizziness and weakness because of low blood sugar, diarrhea, urinary incontinence, headaches, numbness in her feet and ankles, trigger finger in her right hand, frozen shoulder, anemia, vision problems, and chronic kidney disease. (AR 63-66, 69-72). Plaintiff testified that she is in the restroom because of diarrhea "every two seconds," and 15 times a day due to urinary incontinence. (AR 65-66). She can sit for half an hour before pain in her legs worsens and she has to put up her feet, stand for fifteen minutes before she has to lay down, she can walk for five minutes at a time, she could stay on her feet for forty minutes in an eight-hour period, and she can lift and carry less than five pounds. (AR 67-68, 71).

## III.  STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the

Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the

analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.   ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 21, 2017, the alleged onset date. (AR 19). At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus, with diabetic retinopathy and peripheral neuropathy; retinal detachment, right eye; glaucoma, right eye; irritable bowel syndrome; mixed urinary incontinence; right hand trigger fingers; obesity; and chronic kidney disease. (AR 20). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 21). The ALJ then found that Plaintiff has the RFC to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can do no more than frequent reaching overhead and in all other directions with the right upper extremity, and she can frequently handle with the right upper extremity. She can never climb ladders, ropes, or scaffolds. However, she can occasionally crouch, and she can frequently climb ramps and stairs, and frequently balance, stoop, kneel, and crawl. She can never work at unprotected

> heights, or with moving mechanical parts. She must avoid work environments requiring binocular vision for safety. And she requires full bathroom facilities at the worksite (defined as an indoor facility for full commode use and access for individuals at the worksite).

(AR 23). At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a fast food worker. (AR 31). In the alternative, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including assembler, inspector, and bench assembler. (AR 32-33). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 21, 2017, through the date of the decision. (AR 33).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act and disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issue for this Court's review: whether the ALJ properly incorporated all of Plaintiff's limitations into the RFC. (Doc. No. 25 at 7-11).

## VII. DISCUSSION

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record. (*Id.*) (RFC determination will be affirmed if supported by substantial evidence). However, an ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). Ultimately, a claimant's RFC is a matter for the ALJ to determine. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ ... to determine residual functional capacity.").

Plaintiff generally contends that the ALJ failed to consider her claims of irritable bowel syndrome-related symptom, as described in her testimony and treatment records, when determining her RFC. (Doc. No. 25 at 7-11). In support of this argument, Plaintiff cites a handful of treatment records, also cited in the ALJ's decision, that "document" her claims of chronic diarrhea. (AR 462 (noting complaint of chronic diarrhea), 468 (medication only partially controls diarrhea), 1031 (reporting "occasional diarrhea"), 1041 (reporting diarrhea 4-6 times per day), 1051 (reporting "when things are bad she has diarrhea 10x a day"). Plaintiff also cites her own testimony that she needed to use the bathroom 15 times per day on a "normal day." (AR 66).

Initially Defendant correctly notes that Plaintiff fails to identify any medical source that identified functional limitations related to irritable bowel syndrome that were not properly accounted for in the assessed RFC. (Doc. No. 26 at 14-15); *see Tommasetti*, 533 F.3d at 1038 (error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination). Plaintiff generally cites to treatment records, however, she "raises no objection to the ALJ's evaluation of the medical opinion evidence, which included the observation that no medical opinion supported the presence of greater IBS-or incontinence-related limitations and finding persuasive and adopting Dr. Nasrabadi's findings regarding the limitations imposed by those impairments" into the RFC, including the requirement of full bathroom facilities at the worksite (Doc. No. 26 at 16 (citing AR 23, 29-31, 146-48, 161-64)). Plaintiff does briefly note, without making any argument as to whether the ALJ properly considered the opinions, that the ALJ discounted each of the medical opinions because "they did not have the advantage of the complete record." (Doc. No. 25 at 10). However, Plaintiff fails to acknowledge that the ALJ found most of the opinions, including those by consultative examiners, less persuasive because the overall record actually supported *greater* limitations on Plaintiff's ability to work than those assessed by most of the consultative examiners and agency reviewers. As noted by the ALJ:

> [A] review of the record in this case reveals no restrictions recommended by the claimant's medical providers. Additionally, I note that the claimant's representative asserted that the opinion evidence, in addition to the claimant's medical history and objective evidence supported that the claimant had work-preclusive limitations. However, all of the consultative examiners concluded that the claimant's impairments did not cause work-preclusive

7

> limitations. Furthermore, all three non-examining DDS consultants concluded that claimant's impairments did not cause work-preclusive limitations.

(AR 27 (citing 83-106, 109-34, 137-66, 924, 1075-76)).

Plaintiff additionally argues that the ALJ failed to give clear and convincing reasons for rejecting her symptom claims regarding her need for restroom breaks. (Doc. No. 25 at 9) ("the ALJ failed to make any findings as to the frequency that Plaintiff would require bathroom breaks and did not include a corresponding limitation in the RFC."). To the extent Plaintiff is challenging the ALJ's rejection of her claims of diarrhea and irritable bowel syndrome, the Court first notes that Plaintiff fails to identify and challenge the ALJ's specific reasons for doing so, including lack of medical opinion evidence, improvement of symptoms with medication, and inconsistent statements by Plaintiff. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to address issue not raised with specificity in Plaintiff's briefing); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). Despite Plaintiff's waiver, the Court will briefly review the reasons given by the ALJ to discount Plaintiff's symptom claims.

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are

insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ provided a lengthy summary of the medical evidence, including Plaintiff's history of chronic diarrhea, and found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. (AR 24-27). First, as noted above, the ALJ found "the lack of opinion evidence from acceptable medical sources indicating that the [Plaintiff] was disabled, or that she had greater limitations than those found in this decision was somewhat inconsistent with the [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of her symptoms." (AR 27). A medical opinion indicating the claimant can perform a limited range of work may undermine a claim of disabling limitations. *Carmickle*, 533 F.3d at 1161; *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008); *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995) (contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony). Here, as noted by the ALJ, the medical evidence included no restrictions recommended by Plaintiff's medical providers, and all of the consulting or reviewing medical sources "concluded that [Plaintiff's] impairments did not cause work-preclusive limitations." (AR 27). This was a clear, convincing, and unchallenged reason to discount Plaintiff's symptom claims.

Second, the ALJ found Plaintiff's "treatment for her impairments throughout the period in question generally consisted of medication therapy for her diabetes an associated retinopathy and peripheral neuropathy, her irritable bowel syndrome, and her mixed urinary incontinence.

Furthermore, her treatment notes indicated that with appropriate medical therapy, she had symptom improvement concerning her diabetes, diarrhea, and mixed urinary incontinence." (AR 27-28). As noted above, the Court may decline to address this issue as it was not raised with specificity in Plaintiff's briefing. *See Carmickle*, 533 F.3d at 1161 n.2. Moreover, the effectiveness of medication and treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. § 416.929(c)(3) (2011); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits) (internal citations omitted); *see also Tommasetti*, 533 F.3d at 1040 (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). In the decision, the ALJ supports this finding by citing Plaintiff's reports of improvement in her IBS symptoms with treatment. (AR 25, 28, 468, 1031, 1509-10, 1543, 1547). This was a clear and convincing reason, supported by substantial evidence, for rejecting Plaintiff's symptom claims.

Third, the ALJ found "there was evidence of inconsistent statements noted throughout the record." (AR 28). An ALJ may consider inconsistent statements by a claimant in assessing her symptom claims. *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Plaintiff generally contends that the ALJ failed to "make any findings" as to the frequency that she would require bathroom breaks. (Doc. No. 25 at 9). The Court disagrees. Here, particularly as to Plaintiff's IBS and chronic diarrhea claims, Plaintiff testified that she needed to use the bathroom "every two seconds"; however, as noted by the ALJ, the longitudinal medical record includes Plaintiff's reports to her treating providers during the adjudicatory period that her IBS symptoms improved when taking her prescribed medication. (AR 25, 28, 468, 1031, 1509-10, 1543, 1547). In addition, while Plaintiff testified that she needed to use the bathroom 15 times per day due to urinary incontinence, the ALJ cited evidence in the record that she reported "counter[ing] her urinary incontinence at that time with the use of a maxi pad," and that her symptoms improved with urology treatment. (AR 25, 1543). Finally, regardless of evidence that could be considered more favorable to Plaintiff, it was reasonable for the ALJ to find the severity of Plaintiff's symptom claims, including using the bathroom facilities

"every two seconds," was inconsistent with her statements throughout the adjudicatory period. (AR 28). "[W]here evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This was a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's symptom claims.

As a final matter, Plaintiff cites several district court cases from the Ninth Circuit in support of her argument that the ALJ erred in considering Plaintiff's IBS and chronic diarrhea symptom claims. (Doc. No. 25 at 9. These cases are distinguishable from the instant matter. First, Plaintiff argues that in *Koch v. Astrue*, 2009 WL 1743680 (D. Or. Jun. 15, 2009), the court "resoundingly found that where the ALJ limited the claimant to jobs that allowed easy access to a restroom to be insufficient and improper." (Doc. No. 25 at 9). Plaintiff is correct that the court found substantial evidence did not support the ALJ's RFC assessment as to Koch's IBS symptom claims; however, that finding was premised on the ALJ's failure to "provide clear and convincing reasons for excluding Koch's testimony." *Koch*, 2009 WL 1743680, at *18. Here, as discussed in detail *supra*, the ALJ did provide clear, convincing, and largely unchallenged reasons for rejecting Plaintiff's symptom claims. Moreover, as noted by Defendant, in *Koch* the court found the "ALJ's RFC determination did not include a review of the medical record concerning Koch's irritable [bowel] syndrome with symptoms of chronic diarrhea and bowel incontinence"; whereas here, the ALJ thoroughly reviewed the medical evidence regarding Plaintiff's IBS claims, and overall lack of restrictions assessed by treating, examining, and reviewing providers. (AR 27-31). Similarly, in *McNeil v. Astrue*, 2011 WL 871478, at *8 (C.D. Cal. Mar. 14, 2011), the court found the ALJ erred by relying solely on objective evidence in rejecting plaintiff's subjective claims that he needed frequent bathroom breaks. The instant case is distinguishable because the ALJ did not rely on a lack of objective evidence as a reason to discount Plaintiff's irritable bowel symptom claims. (*See* AR 27-28). For all of these reasons, Plaintiff's reliance on these cases is unavailing. Finally, as noted by Defendant, district courts in the Ninth Circuit have regularly found no error when an ALJ has declined to include IBS related limitations in the RFC assessment when no supportable opinions assessed work-related limitations related to IBS. (Doc.

No. 26 at 17); *see Kauffman v. Comm'r of Soc. Sec.*, 2018 WL 1305656, at *6 (E.D. Cal. Mar. 13, 2018) (also noting plaintiff did not challenge the ALJ's reliance on the medical opinions); *Rosales v. Astrue*, 2011 WL 6025105, at *12 (E.D. Cal. Dec. 2, 2011) ("the ALJ noted that there was no medical evidence that this condition was a disabling problem," and the ALJ cited a medical opinion that stated plaintiff could do full-time work even when she had an IBS flareup).

The Court concludes that the ALJ properly incorporated limitations into the RFC, including those related to Plaintiff's IBS and chronic diarrhea, that the ALJ found credible and supported by substantial evidence in the record. *Bayliss*, 427 F.3d at 1217.

## VIII.   CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098.  To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence.  42 U.S.C. § 405(g).  As discussed in detail above, the ALJ properly assessed Plaintiff's RFC.  After review, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Summary (Doc. No. 25) be DENIED.
2. The district court AFFIRM the decision of the Commissioner of Social Security for the reasons set forth above and grant the Cross-Motion for Summary Judgement (Doc. No. 26).
3. The district court direct the Clerk to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

1  838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   September 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE