**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARYANN GUTIERREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY ,<br>    Defendant. | Case No.:  1:21-cv-00401-JLT-HBK<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY<br><br>(Docs. 25, 27) |

The assigned magistrate judge issued a Findings and Recommendations recommending that Plaintiff's motion for summary judgment be denied, granting Defendant's cross-motion for summary judgment, and affirming the Commissioner's decision.  (Doc. 27.)  The Findings and Recommendations advised the parties that any objections were due within fourteen days.  (*Id.* at 1, 12.)  On October 31, 2022, after being granted one extension of time, Plaintiff filed objections to the Findings and Recommendations asserting that they should not be adopted, and that the court should remand the case pursuant to sentence four of 42 U.S.C.§ 405(g), for several reasons.  (Doc. 30.)

First, Plaintiff argues that the assigned magistrate judge's findings that she did not challenge the ALJ's evaluation of the medical opinion evidence, was wrong. She asserts that her opening brief observed that "the ALJ repeatedly noted and then discounted each medical

professional's assessment, diagnosis, and medical opinion because they 'did not have the advantage of the complete record.'" (*Id*. at 2-3 (citing Doc. 25 at 10).) Plaintiff attempts to expand her argument in the objections by specifically citing to individual medical opinions and arguing that the ALJ "contradicts herself" by finding "the medical opinions concerning a limitation 'requiring full bath[room] facilities at the worksite' both persuasive and unpersuasive." (Doc. 30 at 3.)

Nevertheless, in the Findings and Recommendations, the magistrate judge acknowledged Plaintiff's statement in her brief regarding the medical opinion evidence. Though not challenged by Plaintiff in her objections, the magistrate judge also found that "Plaintiff failed to acknowledge that the ALJ found most of the opinions, including those by consultative examiners, less persuasive because the overall record actually supported *greater* limitations on Plaintiff's ability to work than those assessed by most of the consultative examiners and agency reviewers." (Doc. 27 at 7.) Moreover, regardless of any purported "contradiction" in the ALJ's consideration of medical opinion evidence that Plaintiff required access to full bathroom facilities at work, any error is harmless because the assessed RFC adopts the requirement that Plaintiff have access to full bathroom facilities at work. (*See* Doc. 27 at 7 ("Plaintiff fails to identify any medical source that identified functional limitations related to irritable bowel syndrome that were not properly accounted for in the assessed RFC.").

Second, Plaintiff argues that the assigned magistrate judge erred in finding Plaintiff waived the right to challenge the ALJ's rejection of Plaintiff's symptom claims because Plaintiff "specifically identified the reasons why the ALJ dismissed her testimony and symptoms concerning her IBS and incontinence-related limitations." (*Id*. at 3-4.) This argument is unavailing. Even assuming, arguendo, that the assigned magistrate judge's "finding of waiver is incorrect," the Court went on to evaluate the reasons given by the ALJ to reject Plaintiff's IBS-related symptom claims, and found them to be supported by substantial evidence. Finally, Plaintiff re-argues, as she did in her opening brief, that reliance on *Koch v. Astrue*, 2009 WL 1743680, at *13 (D. Or. Jun. 15, 2009) is appropriate in this case, because "the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's testimony regarding her IBS

symptoms." (Doc. 30 at 6.)  However, as noted in the Findings and Recommendations, *Koch* is readily distinguishable in this case because the ALJ's reasons for discounting Plaintiff's IBS-related symptom claims were supported by substantial evidence, and the ALJ thoroughly reviewed the medical evidence regarding Plaintiff's IBS-related symptom claims.  (Doc. 27 at 11.)  Thus, having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes that the magistrate judge's Findings and Recommendations are supported by the record and proper analysis. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 16, 2022, (Doc. 27), are **ADOPTED** in full;
2. Plaintiff's Motion for Summary Judgment (Doc. 25) is **DENIED**;
3. Defendant's Cross-Motion for Summary Judgment (Doc. 26) is **GRANTED** and the decision of the Commissioner of Social Security is **AFFIRMED**.
4. The Clerk shall enter judgment in favor of Defendant, terminate any deadlines, and close this case.

IT IS SO ORDERED.

Dated:  **November 8, 2022**

UNITED STATES DISTRICT JUDGE